UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVE FILLMORE                                                                                    PLAINTIFF

No. 5:22-cv-05044

WASHINGTON COUNTY, ARKANSAS;
MICHAEL WATSON, in his individual
and official capacity; and JEFF CROWDER,
in his individual and official capacity                                                   DEFENDANT

## OPINION AND ORDER

Before the Court are the parties' joint motion for protective order (Doc. 14) and proposed protective order (Doc. 14-1). For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264–65).

The proposed protective order also includes confidential personal information including medical information, Social Security numbers, payroll information, and personnel files. (Doc. 14-1, p. 1).  Courts routinely protect similar information in employee personnel files. *See Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc.*, No. 06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty.*

1

*Comm'rs*, No. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination").  As for medical records, although federal law generally prohibits the disclosure of the protected health information of third parties, the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 allows disclosure of this information for purposes of litigation where a protective order is in place. *See* 45 C.F.R. § 164.512(e)(v)(A).  The Court finds that the parties have shown good cause for entry of a protective order regarding documents containing personal information including medical information.

The Court will separately enter a revised protective order which complies with the Court's standard procedure for filing documents under seal; permits retention of documents when required by law, regulation, court order, or other professional obligation; and does not allow modification of the protective order except by order of the Court.

IT IS SO ORDERED this 15th day of November, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE