UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVE FILLMORE                                                                                    PLAINTIFF

v.                                         No. 5:22-CV-5044

WASHINGTON COUNTY, ARKANSAS;
MICHAEL WATSON, in his individual
and official capacity; and JEFF CROWDER,
in his individual and official capacity                                                        DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendants Washington County, Arkansas; Michael Watson; and Jeff Crowder's ("Defendants") motion (Doc. 21) to dismiss for failure to state a claim and motion (Doc. 23) for summary judgment. Defendants filed briefs in support of their motions and a statement of facts (Docs. 22, 24–25). Plaintiff Steve Fillmore responded to both motions and the statement of facts. (Docs. 26, 30–31). Defendants filed replies in support of both motions. (Docs. 32–33). For the reasons given below, Defendants' motion for summary judgment is GRANTED IN PART as to the Rehabilitation Act and USERRA claims, which will be DISMISSED WITH PREJUDICE. The remaining state law claims will be remanded to the Circuit Court of Washington County, Arkansas.

**I.   Background**

This case arises out of Mr. Fillmore's employment with Washington County, Arkansas. Mr. Fillmore began working in the Washington County Road Department in August 2020. (Doc. 30, ¶ 1). In the seven months he worked for the Road Department, Mr. Fillmore took off parts of 17 days for sick time, 8 days for vacation time, and 4 days for bereavement. *Id.* ¶ 4. Defendant Jeff Crowder, Mr. Fillmore's superior, investigated Mr. Fillmore's absences after noticing the large amount of leave taken in a short time. *Id.* ¶ 6, 7. Mr. Crowder consulted human resources

1

and then requested documentation from Mr. Fillmore about leave taken on February 8 and 9, 2021. *Id.*

Mr. Crowder worked with Dewayne Keys, Mr. Fillmore's direct supervisor, to request the documentation from Mr. Fillmore. *Id.* ¶ 9. The parties dispute what Mr. Keys told Mr. Fillmore during that request,[1] but it is undisputed that Mr. Keys told Mr. Fillmore to bring in the requested documentation. *Id.* In early March 2021, after Mr. Fillmore failed to provide documents explaining his absences, Mr. Crowder met with Mr. Fillmore. *Id.* ¶ 12. Mr. Fillmore recorded that meeting on his cellphone, and the contents were then transcribed. (Doc. 23-2, p. 72–74). The relevant portion of the conversation is as follows:

> [Crowder] Dewayne talked to ya—uhh—back on the 8th or 9th of February.
> [Fillmore] Okay.
> [Crowder] You were supposed to bring in a doctor's notes from - uh - being sick.
> [Fillmore] Okay.
> [Crowder] And we didn't get those in.
> [Fillmore] Okay.
> [Crowder] And you have - uh - an excessive, you know, use of sick time sinc-since you've started here. And - uh - we've talked to the courthouse.
> [Fillmore] Umm-hmm.
> [Crowder] Point being is we're gonna have to let you go.

*Id.* at 72. Mr. Fillmore stated he did not think he violated any Washington County policy but eventually stated he understood. *Id.* at 73. Mr. Crowder and Mr. Fillmore then discussed next steps, including paperwork, Mr. Fillmore's truck, and how Mr. Fillmore would get picked up at work. *Id.*

---

[1] Mr. Fillmore alleges that Mr. Keys told him not to worry about the request. (Doc. 30, ¶ 10). Mr. Keys stated in an affidavit that he relayed the request for documents to Mr. Fillmore and Mr. Fillmore stated "Ok." (Doc. 23-3, p. 1). Mr. Fillmore also said "Ok" when Mr. Keys followed up with him about the status of the documents. *Id.* at 2. Any dispute about whether Mr. Fillmore told him not worry about the documents is not material, so it cannot defeat summary judgment. *See Bloom v. Metro Heart Grp. of St. Louis, Inc.*, 440 F.3d 1025, 1028–29 (8th Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

One of the reasons Mr. Fillmore missed work was because of appointments with Veterans Evaluation Services. (Doc. 30, ¶¶ 23–24). Mr. Fillmore had these appointments to evaluate his eligibility for veterans' benefits related to a disability. *Id.* Mr. Fillmore also explained that some of the appointments with Veterans Evaluation Services were for voluntary reevaluations of his eligibility when he disagreed with the results of an earlier evaluation. *Id.* ¶ 24. One of these appointments with Veterans Evaluation Services took place on a day when Mr. Crowder asked for documentation. *Id.* ¶ 23; Doc. 23-2, p. 78.

Mr. Fillmore filed a grievance with Washington County relating to his discharge. (Doc. 23-2, p. 79). The resolution of that grievance is not relevant to the claims resolved in this Opinion and Order. Eventually, Mr. Fillmore sued Defendants in state court. (Doc. 3). After Defendants moved to dismiss the case, Mr. Fillmore amended his complaint. (Doc. 4). The amended complaint had six claims: (1) administrative appeal of the ratification of his termination, (2) wrongful termination in violation of handbook policy, (3) disability discrimination under the Arkansas Civil Rights Act, (4) disability discrimination under the Rehabilitation Act of 1974, (5) veterans status discrimination under the Uniformed Services Employment and Reemployment Rights Act (USERRA), and (6) declaratory relief under Arkansas' Declaratory Judgment Statute. *Id.* Defendants then removed the case to this Court based on federal question jurisdiction over the Rehabilitation Act and USERRA claims and supplemental jurisdiction over the state law claims. (Doc. 2). Defendants filed a motion (Doc. 21) to dismiss claims 1, 2, and 6 and a motion for summary judgment on claims 3, 4, and 5 (Doc. 23).

**II.      Legal Standard**

On a summary judgment motion, the movant has the burden to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56.  Once the movant has met its burden, the non-movant must present specific facts showing a genuine dispute of material fact exists for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  For there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248).

### III. Analysis

#### A. Rehabilitation Act

Mr. Fillmore sued all defendants for disability discrimination under the Rehabilitation Act of 1974.  (Doc. 4, p. 9).  Mr. Fillmore cites both sections 501 and 504 of the Rehabilitation Act, but it is unclear if Mr. Fillmore is asserting a section 501 claim.  *Id.*  "Section 501, applicable to all federal departments, agencies, and other 'executive instrumentalities,' requires nondiscrimination, reasonable accommodation, and affirmative action for the 'hiring, placement, and advancement' of individuals with disabilities."  1 Mark A. Rothstein, et al., *Employment Law* § 3:2 (6th ed. 2022).  As section 501 does not apply to non-federal employer Washington County, the Court will only consider Mr. Fillmore's claims under section 504.

Section 504 of the Rehabilitation Act protects qualified individuals with disabilities from discrimination "solely by reason of her or his disability."  29 U.S.C. § 794(a).  "To prevail on a claim under § 504, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) he was discriminated against based on his disability."  *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006) (quoting *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998)).  Generally, Rehabilitation Act and Americans with Disabilities Act cases

4

can be used interchangeably to evaluate section 504 clams. *Id.* But the Rehabilitation Act has one stricter requirement. "The Rehabilitation Act 'imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff.'" *Id.* (quoting *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1029 n.5 (8th Cir. 1999)).

Defendants argue Mr. Fillmore cannot make out a prima facie case because Mr. Fillmore cannot connect his disability to his discharge. (Doc. 24, p. 10). Alternatively, Defendants argue that Mr. Fillmore was discharged for his failure to bring in the documentation about his absences as requested by Mr. Crowder. *Id.* at 14. In response, Mr. Fillmore argues that the Defendants' reason for terminating Mr. Fillmore was pretext for discrimination and that the Defendants failed to engage in an interactive process to find reasonable accommodation for Mr. Fillmore's disability-related absences. (Doc. 31, pp. 3–8). What Mr. Fillmore fails to do, however, is point to any evidence that shows Mr. Fillmore's disability was the sole impetus for the adverse action.

In his complaint, Mr. Fillmore claims Defendants "terminated Fillmore for the sole reason that he had been using his earned sick leave (without having advised him of any investigation into the abuse of the same and which directly related to his disabilities), the use of which he was entitled to under Washington County Policy." (Doc. 4, ¶ 56). This would seem to foreclose his claim because he admits the reason for his termination was his use of sick leave, not just his disability. In a similar case, a court dismissed a section 504 claim when the complaint stated the plaintiff "was fired 'in part due to his disability,' and 'in part due to his age,' and 'in part due to the fact he was entitled to FMLA leave[.]'" *Bradley v. Little Rock Wastewater Utility*, 2012 WL 174382, at *2 (E.D. Ark. Jan 20, 2012). There, the undisputed facts showed plaintiff had many subpar employee evaluations, which established his alleged disabilities were not the sole impetus for plaintiff's termination. *Id.* Similarly here, the undisputed facts, including the recorded

5

conversation, show that it was Mr. Fillmore's failure to support his absences with documentation that was the impetus for his discharge.

Mr. Fillmore's response also fails to point to any evidence that shows Defendants' decision was solely based on Mr. Fillmore's disability status. Mr. Fillmore argues that because Mr. Crowder knew of Mr. Fillmore's disabled veteran status and Mr. Crowder fired him "anyway over an approved absence taken for disability evaluation purposes," there is evidence Defendants' explanation was pretext. (Doc. 31, p. 7). But Mr. Fillmore does not point to any evidence that shows Mr. Crowder knew why Mr. Fillmore was absent on the days Mr. Crowder requested documentation. Mr. Fillmore's "Record of Leave Hours" documents show the reasons for his absences on the two days as "sick." (Doc. 23-2, pp. 52–53). The record shows that on one day, Mr. Fillmore was out to pick up his sick daughter from school, and on the other, Mr. Fillmore had an appointment where he was seeking reevaluation for his VA disability benefits. *Id.* at 13–14. It is also undisputed that Mr. Fillmore did not provide any documentation about his absences before his discharge. Mr. Fillmore admitted as much when he was discharged by not disputing Mr. Crowder's statement that he did not bring in documents. *See* Doc. 23-2, p. 72.

On this undisputed record, Mr. Fillmore has not provided any evidence with which a reasonable jury could find he was terminated *solely* based on his disability. His absences may have been related to his application for VA disability benefits, but that does not show Defendants discharged him solely based on his disability. Even if Defendants were motivated in part by his disability, the failure to bring in documentation for his absences shows his disability was not the sole impetus for their decision. *Cf. Burns v. City of Columbus, Dep't of Pub. Safety*, 91 F.3d 836, 841–42 (6th Cir. 1996) ("[T]he Rehabilitation Act permits an employer to make a decision *because* of a handicap if the handicap is not the *sole* reason for the decision."). Under this Rehabilitation

6

Act's heightened standard, Mr. Fillmore cannot show a genuine dispute of fact that his disability status was the sole reason for his discharge. Therefore, Defendants are entitled to summary judgment on Mr. Fillmore's Rehabilitation Act claims.

### B. USERRA

Defendants also seek summary judgment on Mr. Fillmore's USERRA claim. Congress enacted USERRA "to prevent employment discrimination based upon military service." *Clegg v. Ark. Dept. of Corr.*, 496 F.3d 922, 930 (8th Cir. 2007) (citation omitted). USERRA protects "military service members at two different time periods." *Id.* First, USERRA "protects service members at the instant of seeking reemployment." *Id.* (citing 38 U.S.C. § 4312). Second, USERA protects service members "after reemployment has occurred." *Id.* (citing 38 U.S.C. § 4311). Mr. Fillmore did not cite a specific section of USERRA in his claim. Nor does Mr. Fillmore explain when his military service occurred, for how long, or what type of service he completed.[2] Defendants oppose Mr. Fillmore's claim under section 4311, which protects service members after reemployment, and Mr. Fillmore does not dispute that in his response. Therefore, the Court will use section 4311 as the basis of Mr. Fillmore's claim.

Under section 4311, Mr. Fillmore can show Defendants discriminated against him based on his service if his service "[was] a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such" service. 38 U.S.C. § 4311(c)(1).[3] Defendants argue Mr. Fillmore has not shown that his veteran status is a

---

[2] This information may be somewhere in the record, but neither party cites it, and the Court need only consider the cited material. Fed. R. Civ. P. 56(c)(3).

[3] USERRA protects individuals who "[have] performed . . . service in a uniformed service." 38 U.S.C. § 4311(a). Those individuals "shall not be denied . . . any benefit of employment on the basis of that membership." *Id.* The Court is unsure if voluntary reevaluation

7

motivating factor in the Defendants' actions. (Doc. 24, p. 18). Mr. Fillmore has the burden to show such a motivating factor. *McConnell v. Anixter, Inc.*, 944 F.3d 985, 989 (8th Cir. 2019) (citing *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011)).

The Eighth Circuit has identified three factors that parties can use to make this showing: "(1) the employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, (2) the proximity in time between the employee's military activity and the adverse employment action, and (3) any inconsistencies between the proffered reason and other actions of the employer." *Id.* (quotation marks omitted). Mr. Fillmore has not discussed any of these factors. Instead, without pointing to evidence, Mr. Fillmore alleges Mr. Crowder "had some animus toward Mr. Fillmore because he sometimes missed work to attend evaluations for [VA] benefits." (Doc. 31, p. 9). Elsewhere, Mr. Fillmore pointed out that Defendants knew he was a disabled veteran. *Id.* at 4–5. But just because Defendants knew Mr. Fillmore was a veteran does not mean they were motivated by his veteran status in terminating him. With this backdrop, the Court will consider these three factors.

First, Mr. Fillmore has not presented any evidence of Defendants' alleged hostility. On the contrary, Mr. Fillmore admits everyone who hired him, including Mr. Crowder, was a veteran.

---

for VA benefits, *see* Doc. 30, ¶ 24, falls under USERRA's "on the basis of that membership" language.

There is caselaw that suggests USERRA does not apply to discrimination based on a disability arising from military service. *See Durr v. Merit Sys. Prot. Bd.*, 844 F. App'x 329, 332 (Fed. Cir. 2021); *Cazares v. City of El Centro*, 2021 WL 807680, at *13 (S.D. Cal. Mar. 3, 2021) ("[T]he weight of authority does not recognize a claim under the USERRA arising out of alleged discrimination or retaliation due to a plaintiff's perceived or actual disability incurred during military service rather than arising out of the plaintiff's actual status as a current or former member of the uniformed services."). Because of this uncertainty and the lack of guidance from the Eighth Circuit, the Court will assume without deciding that USERRA applies to a claim for discrimination based on service-related disability.

8

(Doc. 30, ¶ 2). In one case, the Eighth Circuit held that a plaintiff cannot show military status was a motivating factor when an employer initially expressed hostility towards veteran status before later working with the veteran without incident. *Rademacher*, 645 F.3d at 1011. In another case, the Eighth Circuit explained "if the employer's unambiguously hostile comments in *Rademacher* were insufficient under USERRA, then these ambiguous comments are also insufficient." *McConnell*, 944 F.3d at 990 (citing *Rademacher*, 645 F.3d at 1011). Here, there is no evidence of any comments about Mr. Fillmore's service. Without evidence of hostility, factor one favors Defendants.

Factor two also favors Defendants because Mr. Fillmore has not pointed to evidence about the time between his service and the termination. In his deposition, Mr. Fillmore stated he was honorably discharged in 2016—five years before his termination. (Doc. 23-2, pp. 4–5). When an employee is hired four years after he retires from active duty, that "significantly undermin[es] 'any inference that . . . military service was a motivating factor' in [the] decision to fire him." *McConnell*, 944 F.3d at 990 (quotation omitted). Here, Mr. Fillmore was also hired and fired years after his honorable discharge from the military, so this gap also undermines any inference that Defendants were motivated by Mr. Fillmore's veteran status. *See also Rademacher*, 645 F.3d at 1011 (two-month gap between return from reserve duty and discharge weakens inference that service was motivating factor in discharge). Factor two also favors Defendants.

Finally, Defendants' reason for terminating Mr. Fillmore has not changed since he was terminated. Defendants terminated Mr. Fillmore for failing to provide documentation to support his absences. The recorded transcript of Mr. Fillmore's termination confirms this. When Mr. Crowder fired Mr. Fillmore, Mr. Crowder said "You were supposed to bring in a doctor's notes from - uh - being sick. . . . And we didn't get those in. . . . Point being is we're gonna have to let

9

you go." (Doc. 23-2, p. 72). Mr. Fillmore has not pointed to any inconsistencies in that reason, and Defendants have not changed the reason for Mr. Fillmore's termination. Factor three favors Defendants.

In sum, all three factors that courts consider when determining whether a service member's status was a motivating factor in his adverse employment action favor Defendants. Mr. Fillmore has not pointed to any evidence indicating otherwise, and the Court only needs to consider the cited evidence. Fed. R. Civ. P. 56(c)(3). Because Mr. Fillmore "has not shown a genuine dispute of material fact that his military status was a motivating factor in [Defendants'] decision to fire him," summary judgment is appropriate on his USERRA claim. *McConnell*, 944 F.3d at 990.

### C. State Law Claims

The remainder of Mr. Fillmore's claims are state law claims. Defendants removed this case to federal court based on the federal questions presented under the Rehabilitation Act and USERRA. (Doc. 2, p. 2). The Court has supplemental jurisdiction over the state law claims but can decline to exercise that jurisdiction. 28 U.S.C. § 1367(c)(3). Courts consider several factors when deciding whether to exercise supplemental jurisdiction, including judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). When a court dismisses a plaintiff's federal claims on a summary judgment motion, those factors weigh in favor of declining jurisdiction over the remaining state law claims. *Starkey v. Amber Enters., Inc.*, 987 F.3d 758, 765 (8th Cir. 2021). And when a case is removed from state court, remand is proper. *Id.* at 766. The Court sees no reason those factors should be weighed differently here. The remaining state law claims will be remanded to the Circuit Court of Washington County, Arkansas.

**IV.   Conclusion**

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 23) for summary judgment is GRANTED IN PART as to the Rehabilitation Act and USERRA claims, and those claims are DISMISSED WITH PREJUDICE.  Judgment will be entered accordingly.

IT IS FURTHER ORDERED that the motion for summary judgment is DENIED IN PART as to Mr. Fillmore's state law claims, which will be remanded to the Circuit Court of Washington County, Arkansas.

IT IS SO ORDERED this 17th day of May, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE